Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/20/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., | Case No. 11 CIV 5477 (WHP) |
| Plaintiff, | |
| v. | **FINAL JUDGMENT AND INJUNCTION BY DEFAULT AGAINST DEFENDANTS DIANE KEYES AND JERMAINE KEYES** |
| ANTHONY KEYES, DIANE KEYES, and JERMAINE KEYES, all individually and doing business as WWW.XEXOTICFRESH.COM; UNKNOWN WEBSITES 1-10; "JOHN DOES" 3-10; and UNKNOWN ENTITIES 1-10 | |
| Defendants. | |

**THIS CAUSE** comes before the Court on the Motion of plaintiff Rolex Watch U.S.A., Inc. ("Rolex") for the entry of a Final Judgment and Injunction by Default against Diane Keyes and Jermaine Keyes, all individually and doing business as www.xexoticfresh.com (hereinafter collectively referred to as "Defendants"). The Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Final Judgment and Injunction by Default against Defendants. Accordingly, the Court does hereby **ORDER, ADJUDGE AND DECREE** as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. Venue is proper in the Southern District of New York.

3.   Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with the laws of the State of New York, the United States Constitution and Rule 4 of the Federal Rules of Civil Procedure.

4.   Rolex is the owner of, including, but not limited to, the following federal trademarks (hereinafter collectively referred to as the "Rolex Registered Trademarks"), which are registered in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
| --- | --- | --- | --- |
| ♛ CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |

5.   Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women.

2

6. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks.

7. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

8. Rolex has used the Rolex Registered Trademarks in the United States and in interstate commerce for many years.

9. The Rolex Registered Trademarks are entitled to protection under the federal trademark laws and under the laws of the State of New York.

10. On August 8, 2011, Rolex filed its Complaint.

11. On October 10, 2011, the Complaint was amended to name Defendants.

12. An examination of the Court's files and records in this case shows that on August 10, 2011, Defendants were served with a copy of the Summons and the Amended Complaint in this action.

13. Defendants have failed to file an answer or otherwise defend this action, as required by law and a Certificate of Default has been entered against Defendants.

14. As a result of Defendants' default in this action, Defendants are deemed to have admitted the allegations contained in Rolex's Complaint.

15. Thus, the Court finds that Defendants are liable to Rolex on all Counts of the Amended Complaint. Therefore, Defendants are liable to Rolex for: willful and malicious trademark counterfeiting under federal law, 15 U.S.C. § 1114, et seq.; and willful and malicious trademark infringement under federal law, 15 U.S.C. § 1114, et seq.

16. As a result of Defendants' unlawful conduct, Rolex is entitled to the entry of a permanent injunction against Defendants. Accordingly, the Court hereby permanently enjoins

and restrains Defendants and their employees, agents, servants, successors and assigns, and all those acting in concert or participation therewith, from:

    (a)    using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

    (b)    engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

    (c)    using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

    (d)    further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

    (e)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

    (f)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

    (g)    engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h) using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i) hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any web site or other enterprise that offers for sale any products bearing the Rolex Registered Trademarks;

(j) acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k) using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(l) having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(m) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

(n) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

17. Within ten (10) days of the date of this Final Judgment and Injunction by Default, Defendants shall take all steps necessary to remove from all websites Defendants own or control all text or any other media bearing the Rolex Registered Trademarks or any marks confusingly similar hereto.

5

18. Within thirty (30) days of the date of this Final Judgment and Injunction by Default, Defendants shall file and serve Rolex with a sworn statement setting forth in detail the manner and form in which Defendants have complied with this Final Judgment and Injunction by Default, including its injunctive provisions.

19. That Defendants be required to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

20. In the event Rolex seeks enforcement of any provision of this Final Judgment and Injunction by Default, Rolex shall serve Defendants by United States Mail with a copy of Rolex's enforcement application. Such service shall be considered effective if Rolex sends a copy of Rolex's enforcement application to Defendants at the following address:

Diane Keyes
Jermaine Keyes
28 Chestnut Avenue
Irvington, NJ 07111-4603

21. The terms of this Final Judgment and Permanent Injunction shall govern and bind the activities of Defendants, their agents, servants, employees, and attorneys, and all persons in active concert or participation therewith.

22. The Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Final Judgment and Injunction by Default.

23. All claims against defendant Anthony Keyes and the remaining defendants are hereby dismissed without prejudice.

Dated: ~~&~~ March 20, 2012

                                              William H. Pauley III
                                          United States District Court Judge